# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION

| | | |
|---|---|---|
| CBX LAW, LLC d/b/a LATITUDE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:19-cv-00867 |
| | ) | |
| LEXIKON SERVICES, LLC, | ) | Judge William L. Campbell, Jr. |
| | ) | Magistrate Judge Jeffrey S. Frensley |
| Defendant. | ) | |

## JOINT STATEMENT REGARDING DISCOVERY DISPUTE

Plaintiff CBX Law, LLC d/b/a Latitude ("Latitude") and Defendant Lexikon Services, LLC ("Lexikon") file this Joint Discovery Statement pursuant to Local Rule 37.01.

### I. Background of Dispute and Attempts at Resolution

There are three sets of discovery, all served by Latitude, at issue in this Joint Statement. They are addressed in turn below.

On December 3, 2019, Latitude served Lexikon with Latitude's First Request for Interrogatories and Requests for Production of Documents. On January 6, 2020, Lexikon responded to these discovery requests. (**Exhibit A**). This response contained the following preliminary statement:

> **These responses are made solely for the purpose of, and in relation to addressing the pending jurisdictional challenges this action. Lexikon reasserts its challenge to the personal jurisdiction and subject-matter jurisdiction of the Court and does not intend to litigate the merits of the dispute in this case.**

(**Exhibit A**).

02545303

Similarly, Lexikon stated the following objection to every discovery request:

> **Objection. This Interrogatory is not jurisdictional in nature. Latitude may not obtain discovery on the merits in this case unless and until it prevails in the two pending motions to dismiss that challenge the Court's personal and subject-matter jurisdiction.** *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, **487 U.S. 72, 76, 79-80 (1988);** *Kolley v. Adult Protective Services*, **725 F. 3d 581, 587 (6th Cir. 2013)( "A plaintiff is not entitled to discovery before a motion to dismiss" because a defendant should not suffer the burden and expense of discovery if the plaintiff's suit will not survive a dismissal motion. emphasis added);** *New Albany Tractor, Inc. v. Louisville Tractor*, **650 F. 3d 1046, 1051 (6th Cir. 2011) (holding that "***Iqbal*** specifically directs that no discovery may be conducted in cases such as this," where the plaintiff loses a motion to dismiss);** *Yuhasz v. Brush Wellman, Inc.*, **341 F.3d 559, 566 (6th Cir. 2003) (explaining that "there is no general right to discovery upon filing of the complaint");** *Nissan North America, Inc. v. Deltawing Project 56, LLC*, **No. 3:15-cv-0663, 2015 U.S. Dist. LEXIS 160882, \*6 (M.D. Tenn. Dec. 1, 2015, Campbell, J.) ("there is good cause to stay discovery pending resolution of the Defendants' Motions to Dismiss for lack of personal jurisdiction" because if there is no jurisdiction the defendants "would have no need for the burden or expense of participating in the litigation").**

(**Exhibit A**).

On January 21, 2020, counsel for Latitude sent a letter to counsel for Lexikon noting that Lexikon's withholding was in violation of this Court's December 2, 2019 Order, and requesting a meet and confer. (Dkt. 16). In a subsequent meet and confer call, counsel for Lexikon stated that Lexikon was standing by its objection, and to proceed with filing this Joint Statement.

On January 3, 2020, Latitude served Lexikon with Latitude's Second Set of Interrogatories and Requests for Production of Documents. (**Exhibit B**). Lexikon did not respond to these requests by its due date. On February 6, 2020, counsel for Latitude contacted Lexikon's counsel to inquire why no responses had been served. Lexikon's

counsel responded "no further discovery will be provided given the pending discovery motions."

On January 3, 2020, Latitude served Lexikon with Requests for Admission. On February 3, 2020, Lexikon responded to these Requests for Admission with the preliminary statement that:

> **These responses are made solely for the purpose of, and in relation to addressing the pending jurisdictional challenges this action. Lexikon reasserts its challenge to the personal jurisdiction and subject-matter jurisdiction of the Court and does not intend to litigate the merits of the dispute in this case.**

(**Exhibit C**, p. 1).

Similarly, in response to all of the Requests for Admission, save three, Lexikon stated the following objection:

> **Objection. This Request is not jurisdictional in nature. Latitude may not obtain discovery on the merits in this case unless and until it prevails in the two pending motions to dismiss that challenge the Court's personal and subject-matter jurisdiction.** *See United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 79-80 (1988); *Kolley v. Adult Protective Services*, 725 F. 3d 581, 587 (6th Cir. 2013); *New Albany Tractor, Inc. v. Louisville Tractor*, 650 F. 3d 1046, 1051 (6th Cir. 2011); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003); *Nissan North America, Inc. v. Deltawing Project 56, LLC*, No. 3:15-cv-0663, 2015 U.S. Dist. LEXIS 160882, *6 (M.D. Tenn. Dec. 1, 2015, Campbell, J.).

(**Exhibit C**).

On February 4, 2020, counsel for Latitude conducted a meet and confer phone call with counsel for Lexikon, and was unable to reach a resolution of this dispute. Counsel for Lexikon maintained its objection, and again suggested that filing a Joint Statement was the only way to proceed.

## II. Discovery Requests in Dispute

The specific requests in dispute, including Lexikon's responses, are set forth in **Exhibits A, B and C**, respectively.

## III. Latitude's Position

A stay of discovery for any reason is a matter ordinarily committed to the sound discretion of the trial court. *Chrysler Corp. v. Fedders Corp*., 643 F.2d 1229 (6th Cir. 1981). Rule 26(c) permits a district court to stay discovery for "good cause shown." Fed. R. Civ. P. 26(c). Here, defendant does not even argue that discovery would place some unnecessary burden upon it, much less make a showing that it would be so. The reason is simple – it is not. Instead, Lexikon relies solely on that fact that it has various motions pending.

On December 2, 2019, this Court specifically denied any request that Lexikon had or would make to stay discovery in this action. (Dkt. 16). That Order did not limit the discovery to any topic or time period. (*Id*.). Instead, the Court specifically noted that permitting written discovery to begin would not be a burden, and even if a motion to dismiss were granted, the case would be re-filed in another district. (*Id*.). As a result, Lexikon's failure to provide complete responses to all outstanding discovery is in blatant defiance of this Court's Order. As a result, Latitude respectfully requests that this Court order Lexikon to provide complete responses to both sets of outstanding discovery, and deem all of Latitude's Requests for Admission admitted.

### i. First Set of Discovery Requests

Lexikon has waived any right to object to discovery on the merits.[1] Despite months and multiple opportunities to raise this issue, Lexikon never raised the issue. Even in its Motion to Continue the Initial Case Management, Lexikon did not seek any such limitation. In its Order on the issue, the Court ordered that written discovery should proceed. (Dkt. 16). That order is final, and any efforts to re-litigate that order are frivolous.

Moreover, multiple courts in this Circuit have refused to stay discovery, even if a motion to dismiss based on personal jurisdiction was pending. *See e.g.*, *Ohio Valley Bank Company v. MetaBank*, 2019 WL 2170681 (S.D. Ohio May 20, 2019) (declining to stay discovery despite a pending motion to dismiss based on personal jurisdiction); *DSM Desotech, Inc.*, 2015 WL 7450893, at *11 (S.D. Ohio Nov. 24, 2015) (declining to stay discovery despite motion to dismiss based on personal jurisdiction pending); *Bolletino v. Cellular Sales of Knoxville, Inc.*, 2012 WL 3263941 (E.D. Tenn. Aug. 9, 2012) ("This court finds that the pending motion to dismiss based on lack of personal jurisdiction does not support staying discovery in this case," but staying discovery based on a failure to identify the employer and market); *Charvat v. NMP, LLC*, 2009 WL 3210379, at *2 (S.D. Ohio Sept. 30, 2009) (declining to stay discovery pending resolution of a motion to dismiss for lack of personal jurisdiction because such motions go only to the forum in which a case proceeds and any discovery taken while such a motion is pending would be available for the parties to use if the case refiled in another district).

---

[1] Latitude incorporates by reference the arguments and authorities in its Response in Opposition to Lexikon's Motion for Clarification or in the Alternative to Stay Discovery on the Merits. (Dkt. 28).

On that score, the reasoning behind that logic is simple, practical, and was noted by this Court in its Order. (Dkt. 16). Even if this case was dismissed for lack of personal jurisdiction (it should not be), then it will simply be refiled in another district. Proceeding with full and complete discovery is appropriate because this case is not going away, any stay would serve to delay the timeliness of its resolution.

      *ii.*    *Second Set of Discovery Requests*

Lexikon has not served any responses or objections to any of these requests. There has simply been no response. When counsel for Latitude inquired as to why no responses have been sent, Lexikon's counsel responded "no further discovery will be provided given the pending discovery motions." The Federal Rules of Civil Procedure require written responses to these requests. Fed. R. Civ. P. 34(b)(2)(A). In this instance, Lexikon has not provided any written responses or objections, nor has it cited the reasons for which it has failed to provide any response.

      *iii.*    *Requests for Admission*

Pursuant to Federal Rule of Civil Procedure 36(a)(6), Latitude would move the Court to determine that Lexikon's objections are insufficient, and that all of the Requests for Admission that were not answered, be deemed admitted. For the same reasons discussed above, Lexikon's objection is improper and a direct violation of an existing Court order, the Local Rules of this Court, and common sense. (Dkt. 16).

    **IV.**    **Lexikon's Position**

Latitude is not entitled to discovery because it has not met its burden of establishing

the Court's personal and subject-matter jurisdiction.[2] Unless and until Latitude establishes the Court's jurisdiction, discovery is improper.

"A plaintiff is not entitled to discovery before a motion to dismiss" because a defendant should not suffer the burden and expense of discovery if the plaintiff's suit will not survive a dismissal motion. *Kolley v. Adult Protective Services*, 725 F. 3d 581, 587 (6th Cir. 2013). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1954, 556 U.S. 662, 685-86 (2009) ("Because respondent's complaint is deficient under Rule 8, he is not entitled to discovery, cabined or otherwise."); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 n.8 (2007) ("before proceeding to discovery, a complaint must allege facts suggestive of illegal conduct"); *New Albany Tractor*, 650 F. 3d at 1051 (6th Cir. 2011) ("*Iqbal* specifically directs that no discovery may be conducted" prior to resolving a motion to dismiss); *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 566 (6th Cir. 2003); Scott Dodson, *New Pleading, New Discovery*, 109 MICH. L. REV. 53, 69 (2010) (noting that *Iqbal* and *Twombly* reflect the Court's belief that the filing of a motion to dismiss automatically stays discovery).

A court cannot compel discovery prior to confirming its jurisdiction because "court cannot proceed at all in any cause" without jurisdiction, which "is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)). As a consequence, court cannot compel discovery beyond the limits of its own jurisdiction, and

---

[2] *Neogen Corp. v. Neo Gen Screening, Inc*., 282 F.3d 883, 887 (6th Cir. 2002) (plaintiff bears burden of establishing the court's jurisdiction).

until it determines its subject-matter jurisdiction, it cannot order discovery on the merits. *United States Catholic Conference v. Abortion Rights Mobilization, Inc.*, 487 U.S. 72, 76, 79-80 (1988). The same is true of personal jurisdiction, which is also "'an essential element of the jurisdiction of a district court,' without which the court is 'powerless to proceed to an adjudication.'" *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 584 (1999) (quoting *Employers Reinsurance Corp. v. Bryant*, 299 U.S. 374, 382 (1937)). *See also id*. (holding that personal jurisdiction is "'a restriction on judicial power as a matter of individual liberty.'" (quoting *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982)); *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 292 (1980) (explaining that the Due Process Clause's personal jurisdiction requirement "protects the defendant against the burdens of litigating in a distant or inconvenient forum."); *King v. Taylor*, 694 F.3d 650 (6th Cir. 2012) (quoting *Ruhrgas*, 526 U.S. at 584)). Latitude entirely ignores this binding caselaw; any inconsistent district court rulings or applications of local rules must yield to circuit and Supreme Court precedent.

Lexikon did not waive any objection to merits discovery. Lexikon did not need to request a stay of discovery because Latitude was never entitled to it in the first place. Lexikon sought clarification and alternatively requested a stay of discovery in a good-faith effort to avoid a discovery dispute when it became clear that Latitude was not willing to wait for the Court's rulings on the two pending jurisdictional motions. Latitude has refused to wait for the Court's ruling on that motion and has instead insisted on Lexikon's response to its discovery requests. Lexikon has responded to the few jurisdictional discovery requests submitted by Latitude, but it has properly declined to engage in merits discovery

because the Court lacks jurisdiction and because Lexikon has no intention of litigating this case on the merits at this time.[3]

For the foregoing reasons, Lexikon respectfully requests that the Court deny any relief requested by Latitude until the Court has ruled on the pending motions, giving priority to Lexikon's pending Motion to Dismiss for Lack of Personal Jurisdiction (Dkt. 8).

Respectfully submitted,

*/s/ Samuel P. Funk*
Samuel P. Funk (No. 19777)
D. Gil Schuette (No. 30336)
Michael R. O'Neill (No. 34982)
SIMS|FUNK, PLC
3322 West End Avenue, Suite 200
Nashville, Tennessee 37203
(615) 292-9335
(615) 649-8565 (fax)

*Counsel for Plaintiffs*

---

[3] Lexikon's participation in this Joint Discovery Statement is intended to support and preserve its pending personal-jurisdiction challenge. Nothing in this Statement is intended to waive Lexikon's personal-jurisdiction challenge.

# CERTIFICATE OF SERVICE

 I, the undersigned, hereby certify that a copy of foregoing document was filed electronically and served by e-mail and operation of the Court's electronic filing system as set forth below on the 12th day of February, 2020. Parties may access this filing through the Court's electronic filing system.

 Bennett J. Wills
 Brian T. Boyd
 Law Office of Brian T. Boyd, PLLC
 214 Overlook Circle, Ste. 275
 Brentwood, TN 37027
 bennett@boydlegal.com
 brian@boydlegal.com

              /s/ Samuel P. Funk