# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **CBX LAW, LLC d/b/a LATITUDE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | Case No.: 3:19-cv-00867 |
| | ) | |
| **LEXIKON SERVICES, LLC,** | ) | Judge William L. Campbell, Jr. |
| | ) | Magistrate Judge Jeffrey S. Frensley |
| **Defendant.** | ) | |

## PLAINTIFF CBX LAW, LLC d/b/a LATITUDE'S FIRST SET OF INTERROGATORIES AND REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT LEXIKON SERVICES, LLC

Plaintiff CBX Law, LLC d/b/a Latitude ("Latitude") pursuant to Rules 26, 33, and

34 of the Federal Rules of Civil Procedure, propounds this first set of interrogatories and

requests for production of documents to defendant Lexikon Services, LLC ("Lexikon"),

the answers to which are to be served within thirty (30) days of service hereof. All

responsive documents should be produced on or before their due date at the offices of

Sims|Funk, PLC, 3322 West End Avenue, Suite 200, Nashville, Tennessee 37203, or at

such other time and place mutually agreed upon by the parties.

### DEFINITIONS & INSTRUCTIONS

1.     The term "identify" when used in any interrogatory or request shall mean:

(a)     when used in reference to an individual, to state his full name and
present or last known address, telephone number, the full name and present or last known
address of his employer or business, and the individual's position with said employer or
business; when used in reference to an organization or entity, to state its full name and
present or last known address, telephone number, and fully describe the business or
activity in which the organization or entity is engaged;

      (b)   <u>when used in reference to a document</u>, to state the date, author, recipients, type of document (e.g., letter, memorandum, photograph, telegram, tape recording, etc.), subject matter and its present or last known location and custodian. If any such document was, but is no longer, in your possession or custody or subject to your control, state what disposition was made of it;

      (c)   <u>when used in reference to a statement, representation or communication</u>, to provide the date, persons involved, form of the statement, representation or communication (e.g. whether in person, in writing, by telephone), and subject matters discussed; and

      (d)   <u>when used in reference to a legal action or proceeding</u>, to provide the full name of the parties, the name of the court, the case or docket number, and the nature and current status of the action or proceeding.

2.     The term "document" as used in any interrogatory or request shall be defined to the broadest extent permitted by Rule 34 of the Tennessee Rules of Civil Procedure and shall include, without limitation, every writing or record of every type and description that is or has been in your possession, control or custody, or of which you have knowledge, including but not limited to videotapes, photographs, charts, notes, records, reports, letters, memoranda, books, magazines, notebooks, diaries, papers, agreements, contracts, bills, statements, invoices, analyses, transcripts, correspondence, telegrams, drafts, data processing discs or tapes and computer-produced interpretations thereof, x-rays, instructions, announcements and sound recordings and transcripts thereof. "Document" shall also include all copies that are not identical to the original, such as those bearing marginal comments, alterations or other notations not present on the original document as originally written, typed or otherwise prepared.

3.     "Document" includes all "electronically stored information" ("ESI") as that term is used in Rule 26.02 and Rule 34.01 of the Tennessee Rules of Civil Procedure. All ESI is to be produced in native format and is to include all metadata associated therewith.

4.     The terms "you," "your" or "Lexikon" refer to the Texas limited liability company Defendant Lexikon, LLC and its members, agents, attorneys, employees, contractors or other representatives.

5.     The term "Murphy" refers to Michael P. Murphy, his agents, attorneys, employees, contractors and other representatives.

6.     The term "Latitude" refers to the Tennessee limited liability company Plaintiff CBX Law, LLC d/b/a Latitude and its members, agents, attorneys, employees, contractors or other representatives.

7.     The term "NDA" refers to the Mutual Confidentiality and Non-Disclosure Agreement entered into between Michael P. Murphy and Plaintiff, a copy of which was attached as <u>Exhibit A</u> to the Complaint in this matter.

## **INTERROGATORIES**

1.     Identify each person likely to have discoverable information relevant to the disputed facts and allegations at issue in the claims, defenses, or issues raised in this lawsuit.  For each such person, provide a fair description of your understanding of the person's relevant knowledge.

**RESPONSE:**


2.     Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation or filing of your pleadings in this matter.

**RESPONSE**:


3.     Identify each person with whom you consulted, upon whom you relied, or who otherwise constituted a source of information for you in connection with the preparation of your answers to these discovery requests.

**RESPONSE**:

4.     Identify all contracts and/or agreements between Lexikon and any other party related to the recruitment and/or placement of any attorney or paralegal.

**RESPONSE**:

5.     Identify all individuals or entities who are members, owners and/or investors in Lexikon including a) the name and address of the individual or entity, b) the date the investment was made, and c) the amount and/or terms of the investment.

**RESPONSE**:

6.     Identify all individuals or entities who have lent money or otherwise provided credit or funding to or on behalf of Lexikon including a) the name and address of the individual or entity, b) the date the funds or credit was provided, and c) the amount and/or terms of the loan or credit.

**RESPONSE**:

7.     Identify all documents, including drafts thereof, which constitute, evidence or include all or part of Lexikon's business plan, including but not limited to PowerPoint slides, spreadsheets, projections, pro formas and the like.

**RESPONSE**:

8. Identify all individuals and entities with whom you shared any or all of the documents identified in Interrogatory No. 7, including a) the name and address of the individual or entity, b) the date on which they were shared, and c) a description of what you shared.

**RESPONSE**:

9. Identify all documents used in the execution of Lexikon's business

**RESPONSE**:

10. Identify each of the members, officers, managers, employees, vendors, contractors and agents of Lexikon.

**RESPONSE**:

11. With respect to each person whom you expect to call as an expert witness in the trial of this matter, identify each expert and for each expert state the following:

a. Name and address of the expert's employer;

b. Name and address of any organizations with which the witness is associated in any professional capacity;

c. The field in which the witness is to be offered as an expert;

d.     A summary of educational background and qualifications within the field in which the witness is expected to testify and citations to all publications written in whole or in part by the witness;

e.     The substance of the facts and opinions to which the witness is expected to testify;

f.     A summary of the grounds for each opinion to which the expert is expected to testify; and

g.     The style of any cases in which the expert has testified in the past, including the name of the court, the county and state where the court is located, and the date the expert testified.

**RESPONSE:**


12.     Describe in detail any and all documents that would have been responsive to any of the following Requests for Production of Documents but that are no longer in your possession, custody, or control.  For each such document, describe the contents of the document, the date upon which it ceased to be in your possession, custody or control and your understanding of what happened to the document (i.e. lost, destroyed, etc.).

**RESPONSE:**

**VERIFICATION**

**STATE OF**                    )
                               )
**COUNTY OF** _____        )


      I,_____, as the _____ of Lexikon, LLC, hereby swear or affirm that the foregoing answers to interrogatories are true, accurate, and complete.

            .

                          _____


      Sworn to and subscribed before me on this _____ day of _____, 2019.


                          _____
                          Notary Public


My commission expires:


_____

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.      All documents that you reviewed, identified or constituted a source of information for you in your responses to the foregoing Interrogatories.

**RESPONSE:**


2.      All documents that you reviewed, identified or constituted a source of information for you in preparing your pleadings in this matter.

**RESPONSE:**


2.      All documents constituting, relating to or evidencing any communication between you and Latitude.

**RESPONSE:**


3.      All documents constituting, relating to or evidencing any communication between you and any third-parties concerning the disputed facts and allegations at issue in this matter.


4.      All documents that were prepared by Latitude.

**RESPONSE:**

5.     All documents that refer to, relate to or include any information that was contained in any documents that were prepared by Latitude.

**RESPONSE:**

6.     All documents relating to or evidencing any communications between you and any third-party.

**RESPONSE:**

7.     All documents that you provided to any third-party.

**RESPONSE:**

8.     All documents relating to or evidencing any communications between you and any attorney or paralegal you have recruited or attempted to recruit.

**RESPONSE:**

9.     All documents relating to or evidencing any communications between you and any person or entity with whom you have placed or attempted to place attorneys or paralegals.

**RESPONSE:**

13. All documents, including drafts thereof, which constitute, evidence or include all or part of Lexikon's business plan, including but not limited to PowerPoint slides, spreadsheets, projections, pro formas and the like.

**RESPONSE**:

10. All documents relating to or evidencing any communications between you and any person or entity from whom you have sought or obtained investment or funding, including but not limited to equity, debt or otherwise.

**RESPONSE:**

11. All documents that you provided to any person or entity from whom you have sought investment or funding, including but not limited to equity, debt or otherwise.

**RESPONSE:**

12. Any master services agreement or the like used by you.

**RESPONSE:**

13. Any statement of work or the like used by you.

**RESPONSE:**

Case 3:19-cv-00867   Document 32-1   Filed 02/12/20   Page 10 of 13 PageID #: 260

14.     Any client engagement letter or the like used by you.

**RESPONSE:**


15.     Any law firm client terms or the like used by you.

**RESPONSE:**


16.     Any standard corporate client terms or the like used by you.

**RESPONSE:**


17.     Any resume templates or the like used by you.

**RESPONSE:**


18.     Any candidate proposal emails or the like used by you.

**RESPONSE:**


19.     Any pricing calculator or documents relating to, evidencing or constituting such pricing calculator or the like used by you.

**RESPONSE:**

20.    Any client management system or the like or documents relating to, evidencing or constituting such client management system used by you or Lexicon.

**RESPONSE**:


21.    Any documents related to your methods or metrics for the assessment and acquisition of client prospects.

**RESPONSE**:


22.    Any documents related to or evidencing the formation of Lexikon.

**RESPONSE**:


23.    All documents relating to, evidencing or constituting your financial statements.

**RESPONSE**:


24.    All documents related to or evidencing any payments you have received.

**RESPONSE**:


25.    All documents not produced in response to a previous request that relate to or support any of the allegations or defenses in your pleadings in this matter.

**RESPONSE**:

Respectfully submitted,

_D. Gil Schuette_ (signature)

_____

Samuel P. Funk (#19777)
D. Gil Schuette (#30336)
SIMS|FUNK, PLC
3322 West End Ave., Ste. 200
Nashville, TN 37203
(615) 292-9335
sfunk@simsfunk.com
gschuette@simsfunk.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and accurate copy of the foregoing was served via email on this 3rd day of December, 2019 to:

Bennett J. Wills
Brian T. Boyd
Law Office of Brian T. Boyd, PLLC
214 Overlook Circle, Ste. 275
Brentwood, TN 37027
bennett@boydlegal.com
brian@boydlegal.com

_D. Gil Schuette_ (signature)

_____